# Cases

# FIRST DEPARTMENT

## APPELLATE DIVISION,

### January, 1900.

---

ANNA ESTELLE TROESCHER, Respondent, *v.* THOMAS J. COSGROVE, as
Assignee for the Benefit of Creditors of THOMAS J. BRENNAN,
Appellant, Impleaded with SOLOMON A. COHN, as Administrator,
etc., of THOMAS J. BRENNAN, Deceased.

*Assignment for the benefit of creditors — when not rendered invalid by the omission
of personal property from the schedule and inventory.*

The omission from the inventory and schedule filed after the execution of an
assignment for the benefit of creditors, of certain fixtures and fittings located
upon and used in connection with apartment houses included in the assignment,
does not impair the validity of that instrument where it appears that the
assignee took possession of the omitted property under the assignment, and
the omission is not shown to have been the result of any fraud on the part of
the assignor.

APPEAL by the defendant, Thomas J. Cosgrove, as assignee for the
benefit of creditors of Thomas J. Brennan, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office of
the clerk of the county of New York on the 13th day of Novem-
ber, 1899, upon the decision of the court rendered after a trial at the
New York Special Term.

*L. Laflin Kellogg*, for the appellant.

*Joseph Fettretch*, for the respondent.

VAN BRUNT, P. J.:

This action was commenced to set aside an assignment for the bene-
fit of creditors made by one Thomas J. Brennan to the defendant
upon the ground of fraud. After a trial, the court having found

that the assignment was made with intent to hinder, delay and defraud the creditors of Brennan, a judgment was entered setting the assignment aside, from which judgment this appeal is taken. The fraud which was claimed to be established consisted in the alleged intentional omission of certain personal property from the inventory and schedules filed by Brennan (who has since died) after the making of his assignment. This personal property consisted of certain fixtures and fittings located upon and used in connection with certain apartment houses which were included in the assignment from Brennan to the defendant, and comprised carpets, awnings, gas ranges, drying frames, shades, refrigerators, gas fixtures, gas logs, ash cans, etc. Upon the making of the assignment the assignee went into possession of those apartment houses, together with the personal property above mentioned. Upon the real estate was a mortgage, and subsequent to the assignment, and after the time when the assignee had taken possession of the assigned estate, including the personal property above mentioned, the mortgage was foreclosed and the plaintiff bought the same and took possession of said apartment house together with said personal property. In the inventory and schedules filed by said Brennan this personal property was not included. He being dead, it is impossible to ascertain from him the reasons why it was not included, notwithstanding the fact that it was delivered over to the assignee who went into possession thereof together with the other assigned property. In April, 1898, the assignee commenced an action against the plaintiff, after a demand duly made, to recover damages for a conversion of said personal property. Thereupon, in June, 1898, the plaintiff commenced this action to set aside the assignment, because of the fraud, apparently, in allowing her to take possession of this property.

Upon this state of facts the court held that a fraud had been committed; but seems to have failed to distinguish between the results of a fraud in an assignment and a fraud upon an assignment. There is no evidence upon which can be predicated any fraudulent intent by the assignor at the time of the making of the assignment. He delivered all his property over to the assignee, the assignee went into possession of it, and remained in possession of it, and the assignor never had any interest in it thereafter; and yet merely because it was omitted from the schedules, the assignment is

declared to be void. It is, undoubtedly, true that omission from the schedules, coupled with the failure to hand over property to the assignee, might form the basis of a conclusion that the assignment was made with a fraudulent intent. But no case can be found where a fraudulent intent in the making of an assignment upon the part of an assignor has been established, where the assignee has received all the property, merely because the assignor has omitted some of the property from the inventory or schedules. Fraud must be proven, not presumed; and if an honest intent is as consonant with the facts as a fraudulent one, the court is in duty bound to draw the inference which will sustain the instrument. In the case at bar there is not a single element of proof that Brennan had any fraudulent intent at the time he made this assignment. He delivered all his property over to the assignee, and if the assignee subsequently allowed any part of it to escape from his possession, it in no way impairs the validity of the instrument under which he took title. That is a question relating to the administration of his trust by the assignee.

It seems to be apparent that the awakening of the plaintiff to the fraud of the assignor was occasioned by the fact that the assignee was endeavoring to reclaim possession of property which he had been advised that the plaintiff had no right to retain.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.